U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
DEC - 3 2019
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MICHAEL DEMON NIXON, §
§
Movant, §
§
VS. § NO. 4:19-CV-747-A
§ (NO. 4:17-CR-189-A)
UNITED STATES OF AMERICA, §
§
Respondent. §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Michael Demon Nixon, movant, to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The court, having considered the motion, the memorandum in support, the government's response, the reply, the record in the underlying criminal case, No. 4:17-CR-189-A, and applicable authorities, finds that the motion should be denied.

I.

Background

The record in the underlying criminal case reflects the following:

On September 20, 2017, movant was named in a one-count indictment charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). CR Doc.[1] 4. On November 3, 2017, movant appeared before the court

---

[1]The "CR Doc.___" reference is to the number of the item on the docket in the underlying
(continued...)

with the intent to enter a plea of guilty to the offense charged without benefit of a plea agreement. Movant and his attorney signed a factual resume setting forth the elements of the offense, the maximum penalty movant faced, and the stipulated facts supporting movant's guilt. CR Doc. 22. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true. CR Doc. 41.

The probation officer prepared the PSR, which reflected that movant's base offense level was 14. CR Doc. 26, ¶ 25. He received a two-level increase for involvement of 3-7 firearms, id. ¶ 26, a two-level increase for a stolen firearm, id. ¶ 27, and a four-

---

[1](...continued)
criminal case, No. 4:17-CR-189-A.

level increase for possession of the firearms in connection with another felony offense, id. ¶ 28. He received a two-level and a one-level decrease for acceptance of responsibility. Id. ¶¶ 35, 36. Based on a total offense level of 19 and a criminal history category of VI, movant's guideline imprisonment range was 63 to 78 months. Id. ¶ 109. The PSR also provided a discussion of factors that might warrant a departure and sentence outside of the advisory guideline system. Id. ¶¶ 121-23. Movant made objections to the PSR, CR Doc. 29, and the probation officer prepared an addendum. CR Doc. 31.

The court sentenced movant to a term of imprisonment of 105 months. CR Doc. 36. He appealed, CR Doc. 38, and his sentence was affirmed. United States v. Nixon, 747 F. App'x 995 (5th Cir. 2019). His petition for writ of certiorari was denied. Nixon v. United States, 139 S. Ct. 2626 (2019).

II.

Grounds of the Motion

Movant asserts four grounds in support of his motion, worded as follows:

**GROUND ONE:** Innocence of crime against the government

3

Doc.[2] 1 at PageID[3] 4.

> **GROUND TWO:** Involuntary and unknowingly [sic] guilty plea

Id. at PageID 5.

> **GROUND THREE:** Court lacked subject matter jurisdiction to impose sentence

Id. at PageID 7.

> **GROUND FOUR:** Misapplication of guidelines in violation of due process

Id. at PageID 8.

III.

Standards of Review

A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause"

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.

[3] The "PageID __" reference is to the page number assigned by the court's electronic filing system and is used because the page numbers on the form used by movant are not the actual page numbers of the document.

4

for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B. Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also

Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

In support of his first three grounds, movant maintains that he is entitled to proceed here because of a new Supreme Court

6

decision, Rehaif v. United States, 139 S. Ct. 2191 (2019). As he admits in his memorandum, however, the Supreme Court did not announce a new rule made retroactive in Rehaif; rather, Rehaif merely interpreted the statute, § 922(g), to require the government to show that the defendant knew he possessed a firearm and that he had the relevant status when he possessed it. See In re Palacios, 931 F.3d 1314, 1315 (11th Cir. 2019)(Rehaif did not announce a new rule of constitutional law made retroactive to cases on collateral review). Movant failed to raise any issue in this regard on appeal and he does not attempt to show cause or prejudice. Bousley v. United States, 523 U.S. 614, 622 (1998); Shaid, 937 F.2d at 232. Nor has he shown, or attempted to show, his actual innocence. Bousley, 523 U.S. at 623. The record demonstrates that he could not do so. CR Doc. 22 (defendant admitted that he knowingly possessed the firearm as charged in the indictment and that before he possessed the firearm he had been convicted of a felony offense). In fact, the PSR reflects that movant had been convicted of a number of felony offenses. CR Doc. 26. He had been sentenced to serve terms of three years imprisonment in two separate cases, id. ¶¶ 52, 53, and to serve a term of four years imprisonment as to another. Id. ¶ 57. Movant did not object to the these provisions of the PSR and the court was entitled to accept them as true.

Finally, movant alleges that the court misapplied the sentencing guidelines and that he received ineffective assistance of counsel on appeal because misapplication was not pursued as a ground. Misapplication of the sentencing guidelines is not an error that can be raised here. United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999). Even if it could, movant has made no attempt to show that any particular argument would have been successful on appeal. Conclusory allegations are insufficient to raise a constitutional issue. Green v. Johnson, 160 F.3d 1029, 1042 (5th Cir. 1998). Moreover, movant himself admits that his counsel chose to pursue a "winning issue" on appeal, rather than a guidelines objection. Doc. 2 at 17; Dorsey v. Stephens, 720 F.3d 309, 320 (5th Cir. 2013)(movant must overcome the strong presumption that focus on certain issues is a tactic rather than sheer neglect). This ground has no merit.

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further

ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED December 3, 2019.

_____
JOHN McBRYDE
United States District Judge